UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOSMAN R. GRANJA-PORTOCARRERO,

v.                         Case No. 8:05-cr-128-T-17TBM
                                8:07-cv-1523-T-17TBM

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court upon Defendant Granja-Portocarrero's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-5; cr-190) (hereinafter "motion" or "motion to vacate").  A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

Procedural History

On April 5, 2005, a federal grand jury in Tampa, Florida, returned an indictment charging defendant Losman Granja-Portocarrero ("Granja") and others with possession of five kilograms or more of a mixture or substance containing a detectable amount of cocaine with intent to distribute it while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g) and 21 U.S.C. § 960(b)(1)(B)(ii),

and conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-16. On June 14, 2005, Granja pled guilty to both counts of the indictment without a written plea agreement. Doc. cr-53; Doc. cr-156 (transcript).

The district court conducted Granja's sentencing hearing on December 13, 2005, and sentenced Granja to serve 135 months' imprisonment with credit for time served, to be followed by sixty months' supervised release. Doc. cr-113; Doc. cr-156 (transcript).

Granja appealed, challenging the court's failure to grant his request for a mitigating-role reduction under U.S.S.G. § 3B1.2(b) and alleging that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). Doc. cr-123, cr-182 at 2 and 4. *See* Granja's appeal brief attached as Exhibit 1 and Government's brief attached as Exhibit 2 to Doc. cv-7.

On September 20, 2006, the Eleventh Circuit Court of Appeals affirmed Granja's sentence holding that it saw no clear error in the district court's refusal to apply a minor role reduction in the case and that his sentence was reasonable. Doc. cr-182 at 4-5.

On September 20, 2007, Granja filed a timely Amended Motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Doc. cv-5. Granja raised the following grounds:

> Ground One: Petitioner's Fifth Amendment due process rights were violated at sentencing where quantity was found under the preponderance of the evidence standard in lieu of proof beyond a reasonable doubt or at a minimum under clear and convincing standard as per *Apprendi, Blakely,* and *Booker*. Doc. cv-5 at 3-11.

2

      Ground Two: Counsel rendered ineffective assistance at sentencing and on appeal for failure to raise the above due process violation. Doc. cv-5 at 11-14.

## Factual Background

Before Granja entered his guilty plea, the United States filed a Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis. Doc. cr-45. In the "Factual Basis" portion of the notice, the United States stated that, on March 29, 2005, Granja and five other crew members had been traveling in international waters in the Eastern Pacific Ocean aboard the F/V *Lesvos*, a Panamanian flagged fishing vessel with approximately 200 hundred bales of cocaine in plain view in the main and aft fishholds. Doc. cr-45 at 2. Upon receiving permission from the Government of Panama, personnel from the United States Coast Guard Cutter *Boutwell* had boarded the vessel and had seen the 200 bales of cocaine. *Id.* The six defendants then had been detained. *Id.* Upon being advised of the seizure, the Republic of Panama had waived jurisdiction and had authorized the enforcement of United States laws over the vessel, crew, and contraband. *Id.* Granja had acknowledged his involvement and participation as part of an unlawful agreement with others to possess with intent to distribute five or more kilograms of cocaine. *Id.*

During the change-of-plea hearing, the prosecutor read these facts to Granja. Doc. cr-156 at 25-26. Granja acknowledged that these facts were accurate. Doc. cr-156 at 27. In Granja's Presentence Investigation Report ("PSR"), the United States Probation Office stated that, during an interview with the Federal Bureau of Investigation, Granja had stated that he had been hired as a mechanic for the trip and had been paid $130, but the captain had required him to return $86 of that amount. PSR ¶ 13. He had claimed that the crew had fished for three days before the captain had told the crew to "get this done" and that he had

not known about the drug operation until four go-fast boats had approached the fishing vessel bearing 200 bales of cocaine. PSR ¶ 13.

The probation office recommended that the district court determine that Granja had a base offense level of 38 based on the 4000 kilograms of cocaine involved in the offense. PSR ¶ 16. The probation office recommended further that the district court reduce that base offense level by two levels pursuant to USSG §2D1.1(b)(6) because Granja met the criteria for safety valve relief pursuant to USSG §5C1.2 and by another three levels pursuant to USSG §3E1.1 because Granja had timely accepted responsibility for his offenses. PSR ¶¶ 17, 22, 23. The probation office did not recommend that the district court reduce Granja's offense level based on his role in the offense. See PSR ¶ 19. Granja objected to the probation office's base offense level of 38 because Granja pled to 5 kilograms or more. See PSR Addendum ¶ 1. He also objected to Probation's failure to recommend a mitigating-role reduction to his offense level pursuant to USSG §3B1.2. PSR Addendum ¶¶ 2-3.

During the sentencing hearing, Granja's counsel adopted his written objections more specifically as to the base offense level. Doc. cr-159 at 5. Counsel argued that although Granja did not object to the quantity of drugs that was located onboard of the vessel, Granja was not aware of the quantity of the drugs onboard as he was merely a courier and was not so informed; therefore, the court should not find level 38 since he pled to five kilograms or more and no specific quantity. *Id.* Counsel also argued his minor role and *Booker* objections. Doc. cr-159 at 5-9.

Probation rebutted that although the claim of not knowing the quantity of drugs onboard is not uncommon, Probation was unaware of any case law that required actual knowledge of the quantity of drugs. Doc. cr-159 at 9. The Court agreed stating: "I'm glad

4

you put that on the record because the Court's not aware of any either. Doc. cr-159 at 10. Probation also added that the Indictment refers to the amount of cocaine as five kilograms or more and therefore they went for the amount of drugs seized. Id.

The district court rejected Granja's arguments, stating: "The Court has considered all of this. I deny each and every objection. It's overruled." Doc. cr-159 at 15. The district court adopted the undisputed factual statements and guidelines applications contained in the PSR and, as to the controverted statements and guidelines applications, the district court adopted the position of the Probation Office. Doc. cr-159 at 15. Consequently, the district court determined that Granja's applicable guidelines level was 33, criminal history category I, for a total advisory guidelines range of 135 to 168 months' imprisonment. Doc. cr-159 at 15.

Granja's counsel then requested the district court to sentence Granja within offense level 25 to fifty-seven to seventy-one months' imprisonment, in consideration of the section 3553(a) factors previously raised. Doc. cr-159 at 17. The district court found that "the sentencing guidelines are appropriate in this situation" and sentenced Granja at the low end of the guidelines range to 135 months' imprisonment, to be followed by five years' supervised release. Doc. cr-159 at 17-18, 21-22. The district court stated that the court had "reviewed the presentence report pursuant to Title 18, United States Code, Section 3551 and 3553, and the Sentencing Reform Act of 1984, as modified by *U.S. versus Booker Fan-Fan[.]*" Doc. cr-159 at 21. The court ruled further, "After considering the advisory sentencing guidelines and all the factors identified in Title 18, United States Code, Section 3553(a)(1) through (7), Court finds that the sentence imposed is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing." Doc. cr-159 at 23.

Discussion

Granja is not entitled to relief on his claim that the court violated his due process rights by sentencing him to an adjusted offense level of 38 instead of 32 as the Fifth Amendment due process requires that the quantity of cocaine be proven by a heightened standard of proof other than the preponderance of the evidence, that is proof beyond a reasonable doubt or at minimum by clear and convincing evidence under *Apprendi, Blakely, and Booker* (Doc. cv-5 at 2-11) -- because he has procedurally defaulted this claim.

Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, a petitioner must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). To establish prejudice, the petitioner must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not

constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States,* 153 F.3d 1305, 1307-08 (11th Cir. 1998).

In Ground Two, Granja excuses his procedural default regarding Ground One by arguing that his attorney rendered ineffective assistance for not raising this issue during sentencing or during his appeal. Doc. cv-5 at 11-13.

A petitioner can establish cause in some circumstances by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 690 (1984), *see Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002); however, the petitioner must fully allege and prove deficient performance that worked to his actual and substantial disadvantage. *See Reece v. United States*, 119 F.3d 1462, 1465-68 (11th Cir. 1997). Granja cannot meet this burden. As set forth below, Granja's arguments are factually and legally flawed.

Granja argues that he was charged and pled to only 5 kilograms or more of cocaine and that he didn't have any knowledge of the quantity of cocaine stowed on the vessel. Doc. cv-5 at 2. Relying on *Apprendi, Blakely and Booker*, Granja argues that because the court found him responsible for 4000 kilograms of cocaine based on the preponderance of the evidence standard and not beyond a reasonable doubt, his sentence should be vacated. *Id.* And, that his counsel was inefficient because he failed to raise this issue during the appeal. Doc. cv-5 at 11-12. These claims are defaulted and have no merit.

Granja's argument is legally flawed. Based on the guidelines set forth in *Apprendi*, drug type and quantity do not need to be alleged in the indictment or submitted to a jury and proved beyond a reasonable doubt as long as the statutory maximum punishment is not exceeded. *United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004). *Booker*

reaffirmed the holding in *Apprendi*, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220 (2005).

In this case, the indictment charged Granja with conspiracy to possess with intent to distribute and possession with intent to distribute **five kilograms or more** of cocaine, so the Court sentenced the petitioner based on the entire quantity of cocaine involved in the conspiracy (at least 4,000 kg of cocaine).

During the plea and sentencing Granja did not dispute the amount of cocaine found in the vessel, only that he was unaware of the amount of cocaine onboard the vessel:

> MARZULLO: Your Honor, Mr. Granja-Portocarrero is not saying that the government did not locate or find the entire weight of 4000 kilos, however he wants to make sure that the Court is aware and in a sense objecting because he did not know what the weight of drugs onboard was, and was only informed of that weight after he came to Tampa and through the discovery process.
>
> THE COURT: Okay, otherwise, sir, do you agree with the government's recitation to the facts?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: What is -- what I do need to ask you is, you understand you're pleading guilty to the weight being more than five kilograms, regardless of what the total amount is, you agree that it was

>
> more than just five kilograms; correct?
>
> DEFENDANT: Yes, Sir.

Doc. cr-156 at 26-28.

At sentencing, Granja's attorney, while not objecting to the amount of drugs, objected to the base offense, because Granja was unaware of the amount of drugs onboard the vessel. Doc. cr-159 at 5. The Court overruled his objection finding there is no case law that requires defendant's knowledge of the amount of cocaine to establish the base offense. Doc. cr-9-10, 15.

Even if Granja's attorney had challenged the amount of the cocaine on board the vessel during sentencing and appeal, the challenge would have failed. During the initial safety inspection, the Coast Guard boarding team found 200 bales of cocaine in plain view, in two fish holds. PSR ¶ 8. The cocaine weighed approximately 4,000 kilograms. *Id.* Thus, the district court's decision that Granja was to be held responsible for 4,000 kilograms of cocaine was reasonable and would have held on appeal.

In addition, although the quantity of cocaine raised Granja's base offense level from 32 to 38, see USSG §2D1.1(a)(3), it did not increase the statutory maximum sentence of life in prison, see 21 U.S.C. § 960(b)(1)(B)(ii) and the court did not commit an *Apprendi* or *Booker* error

Granja has failed to meet his burdens. Granja's attorney did not perform deficiently by failing to litigate these claims on appeal because they were legally flawed and lacked merit. Counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit. *See Davis v.*

*Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986).

Based on all of the above, Granja has failed to show that his claims have any merit or that his default was caused by his counsel's alleged deficient performance. Therefore, Granja's claims in Ground One and its related ineffective assistance claim in Ground Two do not merit relief.

Even if the claims were not procedurally barred, Granja would not be entitled to relief, on the merits.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's

performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

As shown above, Granja has failed to show any deficient performance by his counsel and has failed to show resulting prejudice. Granja is not entitled to relief.

Accordingly, the Court orders:

That Granja's motion to vacate (Doc. cv-5; cr-190) is denied. The Clerk is directed to enter judgment against Granja in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**
**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 17, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Joseph K. Ruddy
Losman R. Granja-Portocarrero